(Decided Oct. 23rd, 1863.)

---

THOMAS M. BACON & HARRIETT E. SULLIVAN, Admr's of JAMES T. SULLIVAN, *vs.* GEORGE W. HOWARD, et al.

EXECUTORS, ADMINISTRATORS AND GUARDIANS, LIABILITIES OF.—Art. 93, sec. 237 of the Code, which is an exact transcript of the Act of 1831, ch. 315, was intended to add another safe-guard to the due and proper administration of personal estates, and to hold executors, administrators and guardians to such accountability in case of investment or deposit, that no exercise of private judgment, though made in good faith, would relieve their official responsibility.

APPEAL from the Orphans' Court of Harford County :

This is an appeal from an order of the Orphans' Court of Harford County passed on the 5th day of February 1862. The case is stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*O. Scott* and *H. D. Farnandis,* for the appellants :

It would seem to be established, that where a trustee or executor has used good faith in the exercise of a fair discretion, in the same manner as he would ordinarily do in regard to his own property, he ought not to be held responsible. 2 *Story's Eq.,* sec. 1272, &c. *Thompson vs. Brown,* 4 *Md. Ch. Dec.,* 619. *Adams vs. Claxton,* 6

*Ves.*, 22, *Gwyn vs. Dorsey*, 4 *G.* & *J.*, 460. *Chase vs. Lockerman*, 11 *G.* & *J.*,

The case of *O'Hara vs. Shepperd*, 3 *Md. Ch. Dec.*, 315; and *Carlysle vs. Carlysle*, 10 *Md. Rep.*, 440, it is suggested, do not apply to this case. They are decided on the Acts of Assembly, requiring guardians to make *investments* under the order of the Orphans' Courts.

The Act of 1831, ch. 315, authorizes the Orphans' Courts in their discretion, *ex officio*, or on application, to direct executors and administrators to bring into Court, or place in bank, or invest in bank stock any money, &c. To pass such orders is not made obligatory, but is discretionary. *Ex-parte Shipley & Wife*, 4 *Md. Rep.*, 493. *Porter vs. Timanus*, 12 *Md. Rep.*, 283.

In reference to, and illustrative of the true interpretation of the Act of 1831, ch. 315, it is suggested that this Act confers upon the Orphans' Courts powers analogous to those had by Courts of Equity.

It does not require administrators to apply for orders or directions to deposit, or subject them to any penalty for failing to make such application.

If the Orphans' Court gives such directions the administrator is bound to obey; if such directions are not given *ex officio* or on application, the responsibility of the administrator is not varied.

The test of such care and prudence is that it is such as the party would exercise in regard to his own property, and in conformity with the practice of prudent and intelligent business men.

*H. W. Archer*, for the appellees, argued:

1st. That the appellants having made their deposits, without any order of or authority from the Orphans' Court, did so at their own risk, and are responsible for the loss, even if it were conceded that said firm was a banking house of good standing and credit.

2nd. That even if the discretion to select the place of

deposit for funds belonging to the estate, were vested in the administrators, they have not exercised such care and caution as will release them from responsibility for the loss. *Hall vs. Purnell*, 2 *Md. Ch. Dec.*, 138. 2 *Story's Eq.*, secs. 1274, 1776. *O'Hara vs. Sheppard*, 3 *Md. Ch. Dec.*, 315. *Carlysle vs. Carlysle*, 10 *Md. Rep.*, 440. Act 1831, ch. 315, secs. 4 and 5.

GOLDSBOROUGH, J., delivered the opinion of this Court:

The appeal in this case is taken from an order of the Orphans' Court of Harford County, passed on the 5th day of February 1862, on the petition of the appellees.

The petitioners prayed the Court to order and direct the appellants to charge themselves as administrators of James T. Sullivan with the sum of twenty-seven hundred dollars, admitted by the appellants to have been deposited with the banking house of Josiah Lee & Co., which, at the time of the deposit, was composed of Garrard, Grover and others. That the said sum of money has been lost by the failure of the above firm, and that the deposit was made by the appellants without any order or authority of the Orphans' Court.

From the earliest period of the testamentary system, it has been the sedulous purpose of the Legislature to hold persons standing in a representative position to a just accountability; while at the same time, ample provision is made in that system for their official protection.

No person who seeks to hold this relation can obtain it, without giving bond and security for the faithful execution of the trust reposed in him, and all his official acts are subject to the direction and control of the tribunal upon which ample jurisdiction is conferred in the premises.

It would therefore be in direct conflict with the spirit and intent of the testamentary law, to deprive those interested in the due and proper administration of personal estates or the management of guardianships, of the safeguards provided for their protection. To allow an admin-

25        v. 20.

istrator to select for himself (without the sanction of the Orphans' Court) a depositary for the assets of an estate, and in case of.loss, to claim an exemption or credit for the loss, though he may have acted in good faith, would be to substitute his private judgment for that of the Orphans' Court, and leave the parties interested, to the pecuniary ability of the party with whom the fund is deposited, and not to the security of the administrator's bond and the power of revocation conferred on the Court in case of failure to comply with its orders.

The point presented by the appellants' counsel, "that when a trustee or executor has used good faith in the exercise of a fair discretion in the same manner as he would ordinarily do in regard to his own property, he ought not to be held responsible." has received the careful consideration of this Court.

Whatever force this suggestion might have in the absence of positive legislation, we must determine that the Act of 1831, ch. 315, was intended to add a further safeguard to the due and proper administration of personal estates, and to hold executors, administrators and guardians to such accountability in case of investment or deposit, so that no exercise of private judgment, though made in good faith, would relieve their official responsibility.

The 237th section of the 93d Article of the Code, makes no distinction between administrators and guardians. This section is an exact transcript of the Act of 1831, ch. 315, and in the case of *Carlysle vs. Carlysle*, 10 *Md. Rep.*, 440, this Court gave such a construction to the Act of 1831, as to leave no doubt of the responsibility of the appellants in this case. See also *O'Hara vs. Shepperd*, 3 *Md. Ch. Dec.*, 306.

Therefore the appellants having deposited the fund in controversy without the sanction of the Orphans' Court, and the amount deposited being lost by the failure of the parties with whom it was deposited, the appellants must be held responsible for the loss, and the Orphans' Court

having so decided, the order appealed from will be affirmed.

*Order affirmed with cost to appellees.*

(Decided Oct. 28th, 1863.)